**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ISLAND PIPELINE, LLC, a Georgia
limited liability company,

        Plaintiff,

vs.                                                Case No. 3:08-cv-1133-J-32HTS

SEQUOYAH LIMITED, LLC, a foreign
limited liability company; HARTFORD
CASUALTY INSURANCE COMPANY,
a foreign corporation,

        Defendants.

**ORDER**[1]

On September 22, 2008, Island Pipeline LLC ("Island Pipeline"), a Georgia limited liability company, filed a complaint in Florida state court against Sequoyah Limited, LLC ("Sequoyah"), an LLC organized and existing under the laws of the state of Tennessee; Sequoyah's bonding agent Hartford Casualty Insurance Company ("Hartford"), a corporation organized and existing under the laws of the state of Indiana and maintaining its principal place of business in the state of Connecticut; and LVP St. Augustine Outlets, LLC ("LVP").[2] The complaint alleges that Sequoyah failed to pay Island Pipeline in full for work performed on two occasions pursuant to two different contracts. On November 25, 2008, the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] This third defendant, LVP, was dismissed as a party in the state court action on October 21, 2008.

defendants Sequoyah and Hartford filed a Notice of Removal to this Court. (Doc. 1.) On December 12, 2008, Island Pipeline filed a Motion to Remand the action to the Seventh Judicial Circuit, St. Johns County. (Doc. 9.) Island Pipeline lists four grounds on which it asserts that removal was defective: (1) the Notice of Removal was untimely, (2) the defendant Sequoyah failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, (3) the defendant Hartford's consent is lacking, and (4) Sequoyah failed to prove complete diversity. Defendants Sequoyah and Hartford oppose remand, claiming that the Notice of Removal was without defect. (Doc. 12.)

**I. Governing Legal Principles**

A civil action brought in a state court may be removed by the defendant to a district court of the United States when that court has diversity jurisdiction over the cause of action. 28 U.S.C. § 1441(a). District courts have original diversity jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

A corporation is considered a citizen of the state where it is incorporated as well as of the state where it has a principal place of business. Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is determined by looking at the "total activities" of the corporation. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). The citizenship of most unincorporated entities depends on the citizenship of each member composing the organization, and, for diversity purposes, an unincorporated entity, such as an LLC, is a citizen of each state of which a member of the entity is a citizen. Carden v.

2

Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Rolling Greens, 374 F.3d at 1021-22. Finally, although there is no statutory definition of citizenship with regard to natural persons, the Eleventh Circuit holds that citizenship of an individual is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

For a notice of removal to be timely, it "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446 (b). The Supreme Court held in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999), that the time-window in § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."

When there are multiple defendants, "federal courts have universally required unanimity of consent in removal cases." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). Additionally, the "last served defendant" rule permits each defendant to file a timely motion for removal within 30 days of receipt of service by that individual defendant. Bailey v. Janssen Pharmaceutica, Inc., 526 F.3d 1202, 1209 (11th Cir. 2008). Earlier-served defendants who may have waived their right to independently seek removal by failing to timely file a notice of removal may nevertheless consent to a timely motion by a later-served defendant. Id. at 1207. Thus, the period for removal of the case expires upon 30 days from service on the last-served defendant. The consent of an earlier-

served defendant to a timely motion by a later-served defendant may be manifested by "some timely written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). "When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the . . . removing party[ ] bears the obligation of demonstrating in the complaint that complete diversity exists between the parties." Matrix Z, LLC v. Landplan Design, Inc., 493 F. Supp. 2d 1242, 1245 (S.D. Fla. 2007). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . [and] all doubts about jurisdiction should be resolved in favor of remand to state court." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). A district court may consider post-removal evidence in assessing removal jurisdiction. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000); see also Rolling Greens, 374 F.3d at 1021, 1023.

**II. Discussion**

Island Pipeline first asserts that the November 25, 2008 Notice of Removal was not timely. Its argument rests on the claim that the last-served defendant, Sequoyah,[3] was served on October 15, 2008, when Jimmy D. Holbrook, a corporate attorney for Sequoyah, sent counsel for Island Pipeline a letter via e-mail stating that he was authorized to accept service on behalf of Sequoyah. In the letter Mr. Holbrook also asked counsel for Island Pipeline to "forward the Complaint on to me for handling," but Island Pipeline asserts that the body of the letter shows that Mr. Holbrook was already aware of the contents of the Complaint.[4] Thus, Island Pipeline argues, Sequoyah was in receipt of the Complaint and there was some evidence that Sequoyah had agreed to submit to the power of the court. Therefore, Sequoyah had only until November 14, 2008 to file a Notice of Removal within the 30 days mandated by 28 U.S.C. § 1446(b). (Doc. 9 at 4.)

However, as the Supreme Court held in Murphy Bros., 526 U.S. at 347-48, the time-window in § 1446(b) is not triggered by "mere receipt of the complaint unattended by any formal service." Mr. Holbrook in fact waived service of process on October 29, 2008 (Doc. 1-6, Waiver of Service of Process); Sequoyah then filed the Defendants' Notice of Removal on November 25, 2008. Fewer than 30 days elapsed between the two events. Thus, the Notice of Removal is timely.

---

[3]Apparently, neither Hartford nor LVP attempted to timely remove the case following service.

[4]According to Island Pipeline, Holbrook's letter "provide[d] details regarding the State Court Action in which [Mr. Holbrook] specifically requested [that Island Pipeline dismiss] the lien count against the owner of the project, LVP, and . . . the lis pendens." (Doc. 9 at 4.)

5

Island Pipeline's second argument is that Sequoyah has not proven that the amount in controversy exceeds $75,000. Island Pipeline points to the Complaint's first jurisdictional allegation, which alleges that "[t]his is an action for damages which exceed $15,000, exclusive of interests, costs, and attorneys fees." (Doc. 2 at 1. (Compl. ¶1).) Yet the face of the Complaint extends beyond the first page. The Complaint states that "Island Pipeline remains owed $349,800.00." (Doc. 2 at 7 (Compl. ¶30).) Moreover, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). In the Claim of Lien attached as Exhibit D to the Complaint, the President of Island Pipelines affirmed that "$349,800 remains unpaid" pursuant to contracts with Sequoyah. Therefore, in relying on the allegations on the face of the Complaint, Sequoyah has met its burden of showing that the amount in controversy exceeds $75,000.

Island Pipeline's third argument is that Hartford failed to explicitly state its consent to removal on the record within the 30-day time period that Sequoyah had to remove the action. Island Pipeline asserts that Sequoyah was the sole movant in the removal request. The first sentence of the Defendants' Notice of Removal does state that only Sequoyah petitions the Court for removal of the action. However, the Defendants' Notice of Removal was signed by attorney Reed W. Grimm with the law firm of Taylor Day Currie Boyd & Johnson as "Attorneys for Defendants Sequoyah Limited, LLC and Hartford Casualty Insurance Company." (Doc. 1 at 4.) The docket also shows that Mr. Grimm is the lead attorney for both Sequoyah and Hartford. Mr. Grimm's representation in the Notice of Removal that his clients–Sequoyah and Hartford–consented to the removal is "some timely written indication from . . . some person or entity purporting to formally act on [the defendants'] behalf in this

respect and to have authority to do so." Getty Oil Corp., 841 F.2d at 1262 n.11.  Moreover, the Notice of Removal specifically includes the statement that "Hartford has consented to the removal of the State Court action to this Court." (Doc. 1 at 3 ¶6.)  Thus, both the defendants properly consented to removal.[5]

Island Pipeline's final argument is that Sequoyah has failed to allege the citizenship of its members, thereby failing to prove complete diversity.[6]  Island Pipeline suggests that it is possible that one of Sequoyah's members might share citizenship with Island Pipeline, a Georgia limited liability company.[7]  In the Defendants' Notice of Removal, Sequoyah alleged that it was a limited liability company organized and existing under the laws of the state of Tennessee and maintaining its principal place of business in Tennessee.  (Doc. 1 at 2 ¶5.)  Later, on December 18, 2008, Sequoyah filed an Amended Corporate Disclosure showing Cary Ratliff and Patricia Ratliff as its only members. (Doc. 10.)  This Disclosure states that both Cary Ratliff and Patricia Ratliff were and are citizens of Tennessee and resided in Tennessee at the time this action was commenced and all times subsequent.  (Id.)

---

[5] Defendant LVP had already been dismissed.

[6] Island Pipeline's suggestion that the Florida citizenship of Sequoyah's registered agent destroys diversity is without merit because the citizenship of an LLC's registered agent is not relevant in determining the citizenship of an LLC.  Rolling Greens, 374 F.3d at 1021-22.  Although Island Pipeline cites Estate of Lee v. Centre Pointe HRC, LLC, 2006 U.S. Dist. LEXIS 12344, at *6 (N.D. Fla. Mar. 6, 2006) for the proposition that the citizenship of the registered agent for an LLC is relevant in determining the LLC's citizenship, in fact Estate of Lee notes that Rolling Greens sets forth "the law in the Eleventh Circuit . . . that a limited liability company is a citizen of any state of which a member of the company is a citizen." Estate of Lee, 2006 U.S. Dist LEXIS 12344, at *3.

[7] Island Pipeline does not take issue with the citizenship of defendant Hartford, an Indiana corporation whose principal place of business is in Connecticut.

Sequoyah has therefore established diversity of its members by means of this corporate disclosure. See Sierminski, 216 F.3d at 949; Rolling Greens, 374 F.3d at 1021, 1023. Thus, the defendants have demonstrated complete diversity exists between the parties.[8]

Accordingly, it is hereby

**ORDERED**:

1.    Plaintiff's Motion to Remand (Doc. 9) is **DENIED**.

2.    Plaintiff's Motion to Delay Case Management Conference and Report (Doc. 13) is **MOOT**. The parties shall confer and file their Case Management Report no later than **March 6, 2009**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of February, 2009.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

a.
Copies:

counsel of record

---

[8] Neither party has focused on the citizenship of the plaintiff LLC. In reaching this decision, the Court assumes–based on Plaintiff, Island Pipeline, LLC's Corporate Disclosure Statement and Certificate of Interested Persons (Doc. 15.)–that the sole member of Island Pipeline is Gregory Slayton. The Court further assumes that Gregory Slayton, who on behalf of Island Pipeline signed both contracts in question and listed a Georgia address and telephone as his contact information, is a Georgia citizen. (Docs. 2-2 and 2-3.) If either party has information to the contrary, that party must file a notice to that effect by March 6, 2009.